1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK S. SOKOLSKY,

11             Plaintiff,                No. CIV S-07-1002 GEB KJM P

12        vs.

13   JIM ROSTRON, et al.,

14             Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16             Plaintiff is a civil committee proceeding pro se with a civil rights action under 42

17   U.S.C. § 1983.  He alleges that the defendants, former and current directors of the Sex Offender

18   Commitment Program of the Department of Mental Health, have advised evaluators on contract

19   with the Department to use a mentally disordered sex offender (MDSO) commitment, which had

20   been reversed on appeal, in determining his suitability for commitment as a sexually violent

21   predator.  Complaint (Compl.) ¶¶ 11, 14, 18.  He further alleges that this violates his rights to due

22   process and equal protection.  Defendants have filed a motion to dismiss under Federal Rule of

23   Civil Procedure 12(b)(6).  Plaintiff opposes the motion.

24   I.  <u>Standards For A Motion To Dismiss</u>

25             In considering a motion to dismiss, the court must accept as true the allegations of

26   the complaint in question, <u>Erickson v. Pardus</u>, _ U.S. _, 127 S.Ct. 2197 (2007), and construe the

1   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

2   (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more

3   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

4   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

5   Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).  However, "[s]pecific facts are not necessary;

6   the statement [of facts] need only "give the defendant fair notice of what the . . . claim is and the

7   grounds upon which it rests."  Erickson, 127 S.Ct. at 2200 (internal citation, quotation omitted).

8           Generally, a motion to dismiss is decided on the pleadings only and the court must

9   accept the allegations of the complaint as true for purposes of ruling on its sufficiency.  Cortez v.

10  County of Los Angeles, 294 F.3d 1186, 1188 n.2 (9th Cir. 2002).  However, in considering the

11  motion, the court may take judicial notice of matters of public record, such as court orders.

12  Schneider v. California Department of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998); Shaw

13  v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); MGIC Indem. Co. v. Weisman, 803 F.2d 500,

14  505 (9th Cir. 1986).  To the extent that a public record, such as a court order, contains disputed

15  facts, a court may not rely on it in ruling on a motion to dismiss for failure to state a claim.  Lee

16  v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

17          Defendants have submitted a number of records, including a docket from the

18  California Court of Appeal for the Second Appellate District in the case of People v. Mark

19  Steven Sokolsky, No. 2CRIM32776.  It contains the following notation, dated February 26, 1979:

20  "The Court: the criminal conviction is affirmed.  The order committing appellant to the State

21  Dept. of Mental Health is reversed and remanded as indicated."  Counsel for defendants has

22  submitted his own declaration as well, averring that any file on the case maintained by the

23  Attorney General's Office had been purged because of the age of the case.  Motion to Dismiss

24  /////

25

26

1  (MTD), Ex. B, Declaration of Roy S. Liebman ¶¶ 3-4 & Attach. 1 (docket).[1]  The court takes

2  judicial notice of the docket.

3                    Defendants have also provided a certified copy of plaintiff's criminal history

4  record, which shows that in 1978 plaintiff was convicted of three sex crimes, that proceedings

5  were suspended as a result of an MDSO commitment and that thereafter plaintiff was sentenced

6  to a term of probation, which was later revoked.  MTD, Ex. A, Attach. 1 at 224-225.  Plaintiff

7  objects, arguing in essence that the document is not accurate because it shows that he registered

8  as a sex offender at an address in Bellflower, where he had never lived.  Opposition (Opp'n) at 5

9  n.3.  The court declines to take judicial notice of the criminal history record because "it is not

10 capable of accurate and ready determination."  Fed. R. Evid. 201(b); see United States

11 Department of Justice v. Reporters Committee For Freedom Of Press, 489 U.S. 749, 752 (1989)

12 (recognizing that "because of the volume of rap sheets, they are sometimes incorrect or

13 incomplete and sometimes contain information about other persons with similar names"); see

14 also United States v. Scott, 592 F.2d 1139, 1143 (10th Cir. 1979) (rap sheet not admissible as a

15 public record of conviction); United States v. Perlmuter, 693 F.2d 1290, 1295-96 (9th Cir. 1982)

16 (Ferguson, J., concurring) (same).

17                   Finally, defendants have submitted a series of court documents maintained in

18 plaintiff's file at Coalinga State Hospital, including a copy of the judgment committing plaintiff

19 to prison for the 1978 convictions, a copy of the Sexually Violent Predator (SVP) Screening

20 Form prepared for plaintiff in 1999, and copies of minute orders from the 2006 hearing to

21 recommit plaintiff as a sexually violent predator.  MTD, Ex. C, Attachs. 1-3.  The court will take

22 judicial notice of the court records, but not of the screening form.  Fed. R. Evid. 201(b).

23 /////

24 /////

25

26          [1]  The court does not consider the hearsay portions of Mr. Liebman's declaration.

1  II.  <u>Failure To State A Claim</u>

2          Defendants argue that the complaint fails to state a claim because plaintiff's

3  current SVP commitment is based on his criminal record and the screening rather than on the

4  MDSO commitment.  MTD at 7-8.  Plaintiff argues that his criminal convictions are not relevant

5  because when the first SVP Act (SVPA) petition was filed against him, a conviction resulting in

6  an MDSO finding was the equivalent of a sexually violent offense.  Opp'n at 6-7.  In the

7  complaint, plaintiff also alleges that the defendants have allowed the mental health professionals

8  who evaluate him to rely on this reversed commitment.  Compl. ¶¶ 14, 16.

9          Currently, the definition of a sexually violent predator in California is one who

10  "has been convicted of a sexually violent offense against one or more victims and who has a

11  diagnosed mental disorder that makes the person a danger to the health and safety of others in

12  that it is likely that he or she will engage in sexually violent criminal behavior."  Cal. Welf. &

13  Inst. Code § 6600(a)(1).  A sexually violent offense can be "[a] conviction resulting in a finding

14  that the person was a mentally disordered sex offender" and a "diagnosed mental disorder" may

15  include "a congenital or acquired condition affecting the emotional or volitional capacity that

16  predisposes the person to the commission of criminal sexual acts in a degree constituting the

17  person a menace to the health and safety of others."  Cal. Welf. & Inst. Code § 6600(a)(2)(g) &

18  (c).  Former versions of the statute also permitted a conviction resulting in a finding that the

19  person was a MDSO to be used as a predicate sexually violent offense.  <u>See</u>, <u>e</u>.<u>g</u>., Cal. Welf. &

20  Inst. Code § 6600(a) (1999).

21          In addition, if an initial screening undertaken by the Department of Corrections

22  before a person's release from prison "leads to a determination that the defendant is likely to be a

23  sexually violent predator," then he undergoes "an evaluation by two psychiatrists or

24  psychologists.  If both find that the defendant has a diagnosed mental disorder so that he or she is

25  likely to engage in acts of sexual violence without appropriate treatment and custody, the

26  /////

4

1  department forwards a petition for commitment to the county of the defendant's last conviction."

2  People v. Torres, 25 Cal.4th 680, 682 (2001) (citation omitted).

3         Even if the complaint is supplemented with those portions of the exhibits

4  supporting defendants' motion subject to judicial notice, this court cannot find that the complaint

5  fails to state a claim.  Defendants' exhibits show plaintiff's MDSO commitment was reversed

6  and the complaint alleges that the defendants have allowed reliance on it.  That reliance could be

7  as a predicate sexually violent offense, or as evidence showing that plaintiff has a diagnosed

8  mental disorder, or as a factor in the evaluations.  See People v. Superior Court (Ghilotti), 27

9  Cal.4th 888, 910 (2002) (evaluation must employ standardized assessment protocol that includes

10  such factors as "type, degree and duration of sexual deviance and severity of mental disorder.").

11  Plaintiff may be able to prove that such reliance either as a predicate offense or as part of the

12  evaluation of his mental state violated his right to due process, see United States v. Tucker, 404

13  U.S. 443, 447 (1972) (sentencing judge relied on three prior convictions, two of which were

14  invalid), or equal protection.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) ("class

15  of one" equal protection violation may be shown if defendants "intentionally treated [plaintiff]

16  differently from others similarly situated and that there is no rational basis for the difference in

17  treatment").

18  III.  Qualified Immunity

19         Defendants argue they are immune from damages in their official capacity and are

20  entitled to qualified immunity in their individual capacities.  It is true that plaintiff is not entitled

21  to damages from an official sued in his official capacity, but plaintiff has sued the defendants in

22  their individual capacities as well.  Compl. ¶ 10.

23         Qualified immunity is difficult to resolve on a motion to dismiss because of the

24  fact-specific nature of the inquiry.  Alvarado v. Litscher, 267 F.3d 648, 651-52 (7th Cir. 2001)

25  (plaintiff is not required to plead facts that anticipate and overcome qualified immunity).  The

26  Ninth Circuit has noted the problems in evaluating a claim of qualified immunity "on a non-

5

1  existent factual record." <u>Hydrick v. Hunter</u>, 500 F.3d 978, 985 (9th Cir. 2007), <u>petition</u> <u>for</u> <u>cert</u>.

2  <u>filed</u>, 76 U.S.L.W. 3410 (Jan. 17, 2008) (No. 07-958).

3         Nevertheless, in determining whether a governmental officer is immune from suit

4  based on the doctrine of qualified immunity, the court must answer two questions.  The first is,

5  taken in the light most favorable to the party asserting the injury, do the facts alleged show the

6  officer's conduct violated a constitutional right?  <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).  A

7  negative answer ends the analysis, with qualified immunity protecting defendant from liability.

8  <u>Id</u>.  If a constitutional violation occurred, a court must further inquire "whether the right was

9  clearly established."  <u>Id</u>.  "If the law did not put the [defendant] on notice that [his] conduct

10  would be clearly unlawful, summary judgment based on qualified immunity is appropriate."  <u>Id</u>.

11  at 202.  The reasonableness of a defendant's conduct is judged "against the backdrop of the law

12  at the time of the conduct."  <u>Brosseau v. Haugen</u>, 543 U.S. 194, 198 (2004).

13         The Supreme Court has recognized that because involuntary civil commitment

14  represents "a massive curtailment of liberty," it must be accompanied by due process protections.

15  <u>Vitek v. Jones</u>, 445 U.S. 480, 491 (1980).  In the context of SVP legislation, the Court has also

16  recognized that involuntary commitment statutes are constitutional only insofar as the

17  "confinement takes place pursuant to proper procedures and evidentiary standards."  <u>Kansas v.</u>

18  <u>Hendricks</u>, 521 U.S. 346, 357 (1997); <u>see also</u> <u>People v. Otto</u>, 26 Cal.4th 200, 210 (2001)

19  (hearsay used in SVP proceedings must contain indicia of reliability to satisfy due process; use of

20  unreliable hearsay may affect not only the hearing but also "the psychological experts'

21  "conclusion that [Otto] was and remained a pedophile . . . likely to reoffend"); <u>Carty v. Nelson</u>

22  426 F.3d 1064, 1075, <u>as</u> <u>amended</u>, 431 F.3d 1185 (9th Cir. 2005), <u>cert</u>. <u>denied</u>, 547 U.S. 1130

23  (2006).  As one court has recognized, "due process does demand that the decision to order an

24  involuntary . . . commitment be made in accordance with a standard that promises some

25  reasonable degree of accuracy."  <u>Rodriguez v. City of New York</u>, 72 F.3d 1051, 1062 (2d Cir.

26  1995).

Whether plaintiff was afforded due process in the evaluations leading to his commitment is a factual determination that cannot be made on the present record.  Accordingly, this court cannot find plaintiff will be unable to show a violation of clearly established rights consistent with the factual basis of his amended complaint.  Hydrick, 500 F.3d at 993.

Moreover, as noted above, the Supreme Court has recognized that irrational and arbitrary official action and difference in treatment violates the equal protection clause of the Fourteenth Amendment.  Village of Willowbrook, 528 U.S. at 564.  "A class of one plaintiff must show that the discriminatory treatment '"was intentionally directed just at him, as opposed ... to being an accident or a random act.'"  North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008) (quoting Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001)).  Once again, this inquiry is fact intensive and so impossible to determine on this as yet undeveloped record.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (docket no. 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 9, 2008.

_____
U.S. MAGISTRATE JUDGE

2 soko1002.57

7