IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SOKOLSKY, | No. CIV S-07-1002 GEB KJM P |
| Plaintiff, | |
| JIM ROSTRON, et al., | ORDER AND |
| Defendants. | FINDINGS & RECOMMENDATIONS |

Plaintiff, who has been civilly committed, is proceeding pro se with a civil rights action alleging that defendants violated his Fourteenth Amendment rights to due process and equal protection by using plaintiff's commitment as a mentally disordered sex offender (MDSO), which has been reversed, as a predicate for instituting proceedings under California's Sexually Violent Predators Act (SVPA). Plaintiff has filed a motion for summary judgment and a motion to amend his complaint.

I. <u>Summary Judgment Standards Under Rule 56</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

/////

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On November 13, 2007, the court advised plaintiff about summary judgment procedure under Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II. <u>Defendant's Objections To Plaintiff's Declaration; Plaintiff's Request For Judicial Notice</u>

Plaintiff has supported his motion for summary judgment with his own declaration and with a number of documents he contends are subject to judicial notice. Defendants have objected to paragraphs eight through twenty-two of plaintiff's declaration on the ground that these paragraphs include hearsay, information not within plaintiff's personal knowledge, matters about which plaintiff would not be a competent witness, and facts that would not be admissible in evidence. Defs.' Response and Objections (Docket No. 24) at 5-6. In turn, plaintiff attacks the declarations submitted by the defendants, claiming that they are similarly not based on the declarants' personal knowledge, contain hearsay, are unreliable and fraudulent. Pl.'s Reply (Docket No. 28) at 7-8.

Under Rule 56(e) of the Federal Rules of Civil Procedure, a party may rely on affidavits to support or oppose summary judgment, but these affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." At the summary judgment stage, the court examines whether the substance of the evidence is admissible even if it is inadmissible in its current form. <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036 (9th Cir. 2003) (diary attached to affidavit admissible because it was based on affiant's personal knowledge and its contents could be admitted at trial in a variety of ways). An affiant's personal knowledge and competence to testify may be inferred from the affidavit itself. <u>Barthelemy v. Air Lines Pilots Ass'n</u>, 897 F.2d 999 (9th Cir. 1990); <u>but see</u> <u>Cermetek Inc. v. Butler Avpak, Inc.</u>, 573 F.2d 1370, 1377 (9th Cir. 1978) (proponent must show that affiant is competent to testify about matters in the declaration).

Nevertheless, material in an affidavit may be considered on summary judgment only if it would be admissible as offered as part of the affiant's testimony. <u>Menes v. City University of New York</u>, 578 F.Supp.2d 598, 611 (S.D. N.Y. 2008). Hearsay is inadmissible on summary judgment to the same extent it would be at trial, as is testimony not based on the affiant's personal knowledge of the events detailed in the declaration. <u>LaFlamboy v. Landek</u>,

4

587 F.Supp.2d 914, 922 (N.D. Ill. 2008) (hearsay); DT v. Somers Central School District, 588 F.Supp.2d 485, 494 n.13 (S.D.N.Y. 2008) (personal knowledge).  Finally, if documentary evidence is cited as the source of a factual allegation, the documents must be attached to the affidavit or declaration.  School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

      A.  Plaintiff's Declaration

          In his declaration, plaintiff avers that he was contacted by his mother's attorney, who told him his mother was dying from kidney failure.  Decl. Of Mark S. Sokolsky (Docket No. 2302) (Sokolsky Decl.) ¶ 8.  While plaintiff has personal knowledge about the contact itself, what the attorney told him is hearsay and may not be considered here.  Fed. R. Evid. 801(c) ("'hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").  Plaintiff's decision to undergo testing, as he describes, is within his personal knowledge and thus may be considered on summary judgment.  Sokolsky Decl. ¶ 9.  However, plaintiff's description of the results of the genetic tests is not admissible, even though plaintiff claims the information was reported to him.  Id. ¶ 10; Lightfoot v. Rosskopf, 377 F.Supp.2d 31, 33 (D.D.C. 2005).  In addition, his account of his mother's conditions and the arrangements for her surgery is hearsay, because as he notes in reply, it was reported to him by his mother.  Pl.'s Reply (Docket No. 28) at 12.

          Plaintiff's account of filing a habeas petition in superior court is admissible, but the rest of that paragraph describing the actions of the superior court and the result of the petition is not admissible, for the material is not attached.  Sokolsky Decl. ¶ 12.  Moreover, although plaintiff has personal knowledge of the fact that he was not released, his description of the actions of the Board of Prison Terms and the information provided by the evaluators is not within plaintiff's personal knowledge and is hearsay.  Id. ¶ 13.  His description of his "doing nothing" in his cell until March 2000 is based on plaintiff's personal knowledge but is not relevant.  Id. ¶ 14. What plaintiff told his public defender is within his personal knowledge, but underlying

information about his mother's condition will not be considered for the truth of the matter asserted. Id. ¶ 15. His account of what happened in court is hearsay. Id. ¶ 16.

Plaintiff argues that the information he provides about his mother's death is a matter of public record, which is available in Nevada. Id. ¶ 17; Reply at 12-13. Whether or not that is true, plaintiff has not presented a properly certified copy of the record or otherwise shown he would be the proper person through whom to introduce such a record. His statement thus is hearsay. Moreover, the material about his father's medical condition and death is hearsay and will not be considered. Sokolsky Decl. ¶¶ 18-20. Finally, plaintiff's editorializing about the MDSO and SVPA laws and the reasons for his parents' deaths is but lay opinion, not cognizable on summary judgment. Id., 21-22; Fed. R. Evid. 701.

B. Defendants' Declarations

Defendants have submitted the declarations of Jack Vognsen, Ph.D. and Douglas Korpi, Ph.D., who evaluated plaintiff as part of the SVPA proceedings, as well as that of Deputy District Attorney Andrea Thompson, who represented the People in SVPA proceedings against plaintiff. Plaintiff alleges that these declarations are not based on the affiant's personal knowledge and include inadmissible hearsay.

Drs. Vognsen and Korpi describe their qualifications and the methods they used in evaluating whether plaintiff met the criteria for commitment as a sexually violent predator. Defs.' Response and Objections, Ex. A (Vognsen Decl.) ¶¶ 1-3, 5; id., Ex. B (Korpi Decl.) ¶¶ 1-3, 5. Each provides his diagnosis and describes the materials he considered in reaching the diagnosis. Vognsen Decl.¶¶ 4-5; Korpi Decl.¶¶ 4-5. They both recount plaintiff's history in the course of describing how they reached their diagnoses; this is a permissible basis for an expert's opinion. Fed. R. Evid. 703; Swinton v. Potomac Corporation, 270 F.3d 794, 808 (9th Cir. 2001) (reliance on patient's history is routine part of diagnosis); Lohrenz v. Donnelly, 223 F.Supp.2d 25, 37 (D.D.C. 2002) (overruling objection to expert's reliance on hearsay). Plaintiff's objections to these two declarations are overruled.

6

Thompson's declaration, however, contains only a recital of what occurred in court, including a description of plaintiff's criminal record. See Defs.' Response and Objections, Ex. C (Thompson Decl.). Plaintiff's objection to Thompson's declaration is well-taken.

C. Plaintiff's Request For Judicial Notice (Docket No. 22)

Plaintiff has asked the court to take judicial notice of five documents. Three are court records: the docket and decision from the state Court of Appeal for the Second Appellate District, which reversed plaintiff's 1978 MDSO commitment, and a transcript and clerk's minutes from Los Angeles County Superior Court proceedings that occurred on remand from the Court of Appeal. While the materials themselves are properly subject to judicial notice, this court cannot take notice of the truth of the facts recited in the court's opinion or of disputed facts outlined during the proceedings on remand. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

The court declines to take judicial notice of documents three and four, which are portions of reports from Drs. Korpi and Vognsen, because the authenticity of these truncated documents is not "capable of accurate and ready determination."

III. Analysis

Currently, the definition of a sexually violent predator in California is one who "has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). A sexually violent offense can be "[a] conviction resulting in a finding that the person was a mentally disordered sex offender," and a "diagnosed mental disorder" may include "a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others." Cal. Welf. & Inst. Code § 6600(a)(2)(g) & (c). Former versions of the statute also permitted a conviction resulting in a finding that the

person was a MDSO to be used as a predicate sexually violent offense.  See, e.g., Cal. Welf. & Inst. Code § 6600(a) (1999).

In addition, if an initial screening undertaken by the Department of Corrections and Rehabilitation before a person's release from prison "leads to a determination that the defendant is likely to be a sexually violent predator," then he undergoes

> an evaluation by two psychiatrists or psychologists.  If both find that the defendant has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody, the department forwards a petition for commitment to the county of the defendant's last conviction.

People v. Torres, 25 Cal.4th 680, 682 (2001) (citation omitted).  The evaluation must employ a standardized assessment protocol that includes such factors as "type, degree and duration of sexual deviance and severity of mental disorder."  See People v. Superior Court (Ghilotti), 27 Cal.4th 888, 910 (2002).  If the evaluation rested in part on a reversed MDSO commitment, it may raise due process and equal protection concerns.  See United States v. Tucker, 404 U.S. 443, 447 (1972) (sentencing judge relied on three prior convictions, two of which were invalid); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) ("class of one" equal protection violation may be shown if defendants "intentionally treated [plaintiff] differently from others similarly situated and that there is no rational basis for the difference in treatment").

Plaintiff has presented evidence showing that in 1978, he was found to be a mentally disordered sex offender, that this determination was reversed, and then not sustained when he returned to Superior Court.  Pl.'s Request for Judicial Notice (Docket No. 22), Exs. 1, 2 & 5.  He has not offered admissible evidence demonstrating that defendants directed evaluators to rely on this reversed commitment in evaluating him under the SVPA.  On the other hand, defendants have presented evidence in the form of Dr. Vognsen's and Korpi's averments that although they were aware of plaintiff's prior MDSO commitment, they did not rely on it in reaching their determinations.  Vognsen Decl. ¶ 6; Korpi Decl. ¶ 6.  Plaintiff has not shown he is entitled to summary judgment on this question.

As another of his "undisputed facts," plaintiff contends he does not have a mental disorder. Pl.'s Mot. for Summ. J. (Docket No. 23-2) at 2. In his complaint, however, plaintiff alleges only that defendants allowed evaluators to rely on his reversed MDSO commitment in the SVPA proceedings; he does not claim he has no mental disorder. Compl. at 3-5. This portion of his motion for summary judgment thus attempts to expand the complaint. Undisputed facts may serve to amend a complaint to conform to proof. Clomon v. Jackson, 988 F.2d 1314, 1323 (2d Cir. 1993). In this case, however, defendants have disputed the "fact" that plaintiff does not have a mental disorder, and have provided Vognsen's and Korpi's diagnoses in support of their position. Vognsen Decl. ¶ 4; Korpi Decl. ¶ 4. Moreover, plaintiff bases this "undisputed fact" only on the Superior Court's determination that the evidence was insufficient to support the MDSO commitment. Pl.'s Request for Judicial Notice, Ex. 5 at 6. However, as noted above, this portion of the superior court proceedings is not properly subject to judicial notice. Lee, 250 F.3d at 690. The court will thus not consider this claim to be part of the complaint or to have been established for purposes of summary judgment.

III. Other Matters

Plaintiff has filed a motion to amend the complaint to add requests for declarative and injunctive relief; defendants have not opposed the motion.

Under Federal Rule of Civil Procedure 15(a) (2), leave to amend even after an answer has been filed shall be freely given where "justice so requires." In this case, granting the motion to add these claims for equitable relief does not appear to prejudice the defendants.

Plaintiff contends that defendants' response to plaintiff's motion for summary judgment was late and should not be considered. He has failed to show that he was prejudiced by any delay by defendants. Moreover, even if the court did not rely on the defendants' opposition, plaintiff would not be entitled to summary judgment: he has raised only an inference but has provided no admissible evidence that the defendants directed or permitted the evaluators to rely on the reversed MDSO commitment in finding him suitable for SVPA commitment.

9

1    In his reply, plaintiff engages in name-calling and hyberbole, which the court does
2 not tolerate. See Reply at 5-6; Alvarado Morales v. Digital Equipment Corporation, 669 F.Supp.
3 1173, 1187 (D. Puerto Rico 1987) ("The federal courts do not provide a forum for mudslinging,
4 name calling and 'privileged' defamation."). Should plaintiff continue such attacks, he is
5 cautioned that his pleadings may be stricken in the future. Talbot v. Robert Matthews
6 Distributing Co., 961 F.2d 654, 664-65 (7th Cir. 1992) (scandalous portion of pleading may be
7 stricken); Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (allegation is "impertinent"
8 if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a
9 derogatory light on someone); Fed. R. Civ. P. 12(f).

10    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to file an
11 amended complaint (docket no. 26) is granted and defendants are directed to file an answer to the
12 first amended complaint within twenty days of the date of this order.

13    IT IS HEREBY RECOMMENDED that plaintiff's motion for summary judgment
14 (docket no. 23) be denied.

15    These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
17 days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties. Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
20 shall be served and filed within ten days after service of the objections. The parties are advised
21 that failure to file objections within the specified time may waive the right to appeal the District
22 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED: August 24, 2009.

_____
U.S. MAGISTRATE JUDGE

26 2/soko1002.57