1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK SOKOLSKY,

11             Plaintiff,              Civ. No. S-07-1002 GEB KJM P

12        vs.

13   JIM ROSTRON, et al.,

14             Defendants.        <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16             Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  On January 9, 2010, defendants filed a motion for summary judgment.  On

18   November 13, 2007, the court advised plaintiff of the requirements for opposing a motion

19   pursuant to Rule 56 of the Federal Rules of Civil Procedure.  <u>See</u> <u>Rand v. Rowland</u>, 154 F.3d

20   952, 957 (9th Cir. 1998) (en banc) and <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th Cir.

21   1988).   In that same order, plaintiff was advised of the requirements for filing an opposition to

22   the pending motion and that failure to oppose such a motion might be deemed a waiver of

23   opposition to the motion.

24             On March 18, 2010, plaintiff was ordered to file an opposition or a statement of

25   non-opposition to the pending motion within thirty days.  In the same order, plaintiff was

26   informed that failure to file an opposition would result in a recommendation that this action

1

1  be dismissed pursuant to Fed. R. Civ. P. 41(b).  The thirty day period has now expired and

2  plaintiff has not responded to the court's order.

3              "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

4  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

5  1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

6  court order the district court must weigh five factors including:  '(1) the public's interest in

7  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

8  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

9  and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

10 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

11 F.3d 52, 53 (9th Cir. 1995).

12             In determining to recommend that this action be dismissed, the court has

13 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

14 support dismissal of this action.  The action has been pending for three years and has reached the

15 stage, set by the court's January 14, 2009 scheduling order and its November 23, 2009 additional

16 scheduling order, for resolution of dispositive motions and, if necessary, preparation for pretrial

17 conference and jury trial.  See Scheduling Order, filed January 14, 2009.  Plaintiff's failure to

18 comply with the Local Rules and the court's March 18, 2010 order suggests that he has

19 abandoned this action and that further time spent by the court thereon will consume scarce

20 judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

21             The fifth factor also favors dismissal.  The court has advised plaintiff of the

22 requirements under the Local Rules and granted ample additional time to oppose the pending

23 motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

24             Under the circumstances of this case, the third factor, prejudice to defendants

25 from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

26 oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963

2

F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 14, 2010.

U.S. MAGISTRATE JUDGE

2/soko1002.46fr

3